# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **EUGENE WILLIAM GREER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:17-CV-259-MTT |
| Chief of Security **BRIAN NEEL;** | : | |
| Major **LAURA FLETCHER;** | : | |
| Captain **D. YOUNG;** | : | |
| Lieutenant **MARCUS MORRIS;** | : | |
| Sergeant **YOLANDA PARKS;** | : | |
| Sergeant **BAKER;** | : | |
| Sergeant **GAY;** | : | |
| Corrections Officer **BROOKS;** | : | |
| **TWO UNKNOWN OFFICERS** | : | |
| **IN BUILDING E;** | : | |
| Unit Manager **WILLIAMS;** | : | |
| Corrections Officer **DAVIS,** | : | |
| | : | |
| Defendants.[1] | : | |

## ORDER

Plaintiff was incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia when he filed his original complaint on July 7, 2017. ECF Nos. 1 at 1; 13 at 3-5. While still incarcerated at Riverbend, Plaintiff moved for a preliminary injunction on July 20, 2017. ECF No. 6. Plaintiff was then transferred to Wheeler Correctional Facility in

---

[1] Plaintiff's list of defendants has changed with every amended complaint. ECF Nos. 1, 8, 9. He was, therefore, ordered to tell the Court exactly who he seeks to sue in this action. ECF No. 12. In response, Plaintiff provided the names of ten defendants and two "unknown" defendants. ECF No. 13 at 4. The Clerk of Court is **DIRECTED** to list all of these individuals as defendants in this action.

Alamo, Georgia. ECF No. 7. Following this transfer, he filed two amended complaints. ECF Nos. 8, 9. Plaintiff was then transferred to Washington State Prison in Davisboro, Georgia. ECF No. 11.

An amended complaint generally takes the place of or supersedes the original complaint. *Lane v. Philbin*, 835 F.3d 1302, 1305 n.1 (11th Cir. 2017) (citing *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982)). But, it was not clear if Plaintiff wanted his last amended complaint to supersede the previous two complaints. Also, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's various complaints and attachments were neither short nor plain. Therefore, Plaintiff was ordered to file an amended complaint that would take the place of and supersede all of the previous complaints that he had filed. ECF No. 12. Plaintiff has now filed this amended complaint. ECF No. 13.

Plaintiff also sought leave to proceed without prepayment of the required filing fee. ECF No. 2. On November 30, 2017, the United States Magistrate Judge granted his motion to proceed *in forma pauperis*. ECF No. 12.

**I.  Motion for Preliminary Injunction**

Plaintiff sought a preliminary injunction "due to his safety . . . at Riverbend Correctional [Facility]." ECF No. 6 at 1. He alleged the conditions of confinement at Riverbend posed a threat to his health. *Id.* He also stated that he may be subjected to gang violence at Riverbend because he was labeled a "snitch" following a May 5, 2017 assault. *Id.*

Plaintiff is no longer confined at Riverbend. "[A]n inmate's clam for injunctive . . . relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (citing *Dudley v. Stewart*, 724 F.2d 1493, 1494-95 (11th Cir. 1984)). Injunctive relief is a prospective remedy that is meant to prevent future injuries. Plaintiff will suffer no future injuries at Riverbend Correctional Facility because he is no longer confined there. Thus, Plaintiff's request for preliminary injunctive relief to protect him from the allegedly illegal conditions of confinement and future gang violence at Riverbend is **DENIED AS MOOT**.[2]

## II. Preliminary Screening of Plaintiff's Amended Complaint

### A. Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. See 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting a preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d

---

[2] The Court realizes that Plaintiff, in his latest amended complaint, alleges that prison officials at Washington State Prison, where he is currently confined, have failed to protect him from violent inmates. ECF No. 13 at 5. But, Plaintiff moved for injunctive relief against officials at Riverbend Correctional Facility prior to his transfer to Washington State Prison. The claims against officials at Washington State Prison are being dismissed without prejudice. Should Plaintiff so desire, he can file a new action against officials at Washington State Prison and move for injunctive relief against those officials in that suit.

3

1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Boxer X*, 437 F.3d at 1110 (quoting *Hughes*, 350 F.3d at 1160). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

"A claim is frivolous only if it 'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id*. (quoting *Neitzke*, 490 U.S. at 327). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B.  **Plaintiff's Claims**

As stated above, Plaintiff was incarcerated at Riverbend Correctional Facility when he filed this action. ECF Nos. 1 at 1; 13 at 3-5. He states that on April 18, 2017, Lieutenant Marcus Morris moved him to the "lifers cellhouse." ECF No. 13 at 5. According to Plaintiff, on May 5, 2017 he witnessed the following violence: "a known gang . . . jumpin[g] on all inmates in the lifers cellhouse"; five inmates . . . beat[ing] up all gay inmates in the lifer[s] cellhouse"; and "one inmate . . . getting beat up in the middle of the day room." *Id*. As all of this occurred, his roommate, who is a gang member, hit him in the back of the head. *Id*. Plaintiff complains that Major Fletcher and Captain Young escorted him "to segregation without any medical attention." *Id*. Plaintiff provides no other information about his injuries. Plaintiff states he wrote a statement about the attack and expressed fear for his safety. *Id*. It is not clear to whom he gave this statement or to whom he expressed his fears.

Plaintiff alleges Lieutenant Marcus Morris authorized his transfer back to the general population and Sergeant Yolanda Parks escorted him to the F-C Dorm on May 16 2017. *Id*. Plaintiff states he was threatened by a known gang member and labelled a snitch. *Id*. Plaintiff reported the threat to Sergeant Gay, who told him to ignore it. *Id*.

5

Plaintiff states he took himself back to segregation because he feared for his safety. He explains that on June 22, 2017, he saw a doctor "for [the] assault that happen[ed] on" May 5, 2017. *Id*. Plaintiff provides no information about the medical treatment received, or any diagnosis or prognosis given.

On July 27, 2017, Plaintiff was transferred to Wheeler Correctional Facility in Alamo, Georgia. ECF No. 7. On October 6, 2017, Plaintiff notified the Court that he had been transferred to Washington State Prison in Davisboro, Georgia. ECF No. 11.

In his Amended Complaint, Plaintiff alleges that he was "attack[ed] again at Washington State Prison" on November 3, 2017. ECF No. 13 at 5. Plaintiff states that he is a "medium security" inmate and Unit Manager Williams and Corrections Officer Davis put a violent "close security" inmate in the cell with him. *Id*. It is unclear what injuries Plaintiff sustained in this assault.

**C. Analysis**

1. <u>Defendants not linked to allegations</u>

In the November 30, 2017 Order to File Amended Complaint, the United States Magistrate Judge told Plaintiff that he

> must list each defendant that he wishes to sue in the heading of the complaint. In the body of the complaint, Plaintiff must tell the Court exactly why he has named each defendant. In other words, tell the Court exactly what action each defendant took, or failed to take, that violated Plaintiff's constitutional rights.

ECF No. 12 at 3.

In his heading of his amended complaint, Plaintiff listed nine named defendants and "two unknown officers in the 'E' Building [at] the time of the assuilt

6

(sic)." ECF No. 13 at 1. Question 12 on the 42 U.S.C. § 1983 form asked Plaintiff to list the name, official position, and place of employment of each defendant. ECF No. 13 at 4. In response, Plaintiff listed ten named defendants and two unknown officers. ECF No. 13 at 4. In the Statement of Claim, Plaintiff makes allegations against seven defendants: (1) Lieutenant Marcus Morris, (2) Major Laura Fletcher, (3) Captain D. Young, (4) Sergeant Yolanda Parks, (5) Sergeant Gay, (6) Unit Manager Williams, and (7) Corrections Officers Davis. ECF No. 13 at 5. Plaintiff fails to mention Chief of Security Brian Neel, Sergeant Baker, Corrections Officer Brooks, and the two unknown officers in his Statement of Claim.

A district court properly dismisses defendants when a prisoner, other than naming the defendants in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)). Plaintiff has failed to connect Chief of Security Brian Neel, Sergeant Baker, Corrections Officer Brooks, and the two unknown officers with any of his alleged constitutional violation. These defendants should, therefore, be dismissed without prejudice.

  2. <u>Unknown Officers</u>

The two unknown officers are subject to dismissal for an additional reason. Not only does the Court not know what they did, or did not do, to violate Plaintiff's rights, the Court has no way of identifying the officers. Plaintiff describes these two individuals as

7

"two unknown officers in 'E' building [at] the time of the assuilt (sic)." ECF No. 13 at 4. The Court does not know if Plaintiff is referring to the assault that occurred on May 5, 2017 in the "lifers cellhouse" at Riverbend Correctional Facility, or the November 3, 2017 assault that occurred somewhere at Washington State Prison, or some other assault. "As a general matter, fictitious-party pleading is not permitted in federal court. [The Court has] created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In other words, the plaintiff's description of the defendant must be specific and adequate enough to allow the defendant to be served with process. *Dean*, 951 F.2d at 1216 (citations omitted). In the present case, the Court has no idea who the unknown officers are, where they are located, what they did, or what they failed to do. There is no way to serve these individuals. The two unknown officers should, therefore, be dismissed without prejudice.

3. <u>The May 5, 2017 assault at Riverbend Correctional Facility</u>

Plaintiff asserts he is making a "failure to protect" claim. ECF No. 13 at 1. Prison officials do have a duty to protect inmates from violence at the hands of other inmates. *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "'A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk.'" *Id*. (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3 1090, 1099 (11th Cir. 2014)). "It is not, however, every injury

suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Instead, "the plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." *Brooks*, 800 F.3d at 1301 (citation omitted).

Plaintiff "has failed to plausibly allege that a substantial risk of serious harm existed prior to" the events on May 5, 2017. *Id*. Plaintiff does not allege any attacks or assaults occurred prior to May 5, 2017. *See Brooks*, 800 F.3d at 1302 (finding that a single attack alone is not sufficient to show a substantial risk of serious harm). In relation to the second element, Plaintiff does not allege (1) any defendant "'actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm'"; or that any defendant "'disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.'" *Caldwell*, 748 F.3d at 1099. (quoting *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007)). Having failed to allege sufficient facts to show a plausible substantial risk and deliberate indifference to that risk, Plaintiff also fails to show any causal connection between the he defendants' actions (or inactions) and any Eighth Amendment violations.

It is unclear if Plaintiff also seeks to make an Eighth Amendment failure to provide medical care claim in relation to the May 5, 2017 assault. Prison officials' deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. But, the "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate

9

indifference to serious medical needs." *Estelle v Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference has three elements "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

All Plaintiff states is that after the May 5, 2017 assault, he was taken to "segregation without medical attention." ECF No. 13 at 5. Plaintiff fails to provide the Court with any information about the extent of his injuries, why he thinks immediate medical attention was necessary, or how the lack of immediate medical care exacerbated his injuries or condition. In other words, Plaintiff has completely failed to provide any information tending to show that prison officials knew Plaintiff faced a risk of serious harm if he did not get immediate medical care and that officials disregarded the risk. He has, therefore, failed to state a clam for relief.

### 4. The November 3, 2017 assault at Washington State Prison

When Plaintiff filed his latest amended complaint, he was housed at Washington State Prison. ECF No. 13 at 1, 5. Plaintiff alleges that although he is classified as "medium security," Corrections Officer Davis and Unit Manager Williams put inmate Genoa Reed, who is classified as "close security," in the cell with him. ECF No. 13 at 5. Plaintiff states that Reed attacked him. *Id.*

Plaintiff's failure to protect claim regarding the November 3, 2017 assault fails for the same reasons as his claim regarding the May 5, 2017 assault failed. Plaintiff has not sufficiently alleged that a substantial risk of serious harm existed at Washington State Prison prior to the November 3, 2017 assault. Also, he has failed to allege that any

10

defendant had subjective knowledge of the substantial risk and failed to act reasonably. *See Brooks*, 800 F.3d at 1302; *Caldwell*, 748 F.3d at 1099. His claim should, therefore, be dismissed without prejudice.

There are two additional reasons to dismiss without prejudice the failure to protect claim that arose at Washington State Prison. First, Plaintiff could not have exhausted his administrative remedies regarding the November 3, 2017 assault before he filed his original complaint on July 7, 2017. ECF No. 1. It is irrelevant if Plaintiff was able to exhaust available administrative remedies before he filed the December 11, 2017 amended complaint. ECF No. 13. "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (citations omitted) (finding exhaustion must happen before original complaint is filed and exhaustion defect cannot be cured by exhausting prior to filing an amended complaint). When it is clear on the face of the complaint, such as here, that Plaintiff did not exhaust prior to filing his original complaint, the action can be dismissed without prejudice. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2003) (per curiam) (affirming district court's *sua sponte* dismissal under 28 U.S.C. §§ 1915A and 1915(e) because it appeared on the face of the complaint that plaintiff had not exhausted his administrative remedies).

Second, the Court fails to see how the Eighth Amendment failure to protect claim asserted against Unit Manager Williams and Corrections Officer Davis at Washington State Prison is related to the Eight Amendment failure to protect and failure to provide

11

medical care claims asserted against the defendants at Riverbend Correctional Facility. While a plaintiff may generally raise unrelated claims against a single defendant, he "may join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences,' and if 'any question of law or fact common to all defendants will arise in the action.'" *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (citing Fed. R. Civ. P. 20(a)). It does not appear that the claims arising at Washington State Prison are sufficiently related under Rule 20 to be joined in a single complaint with claims arising six months previously at Riverbend Correctional Facility.

The Court is dismissing all of Plaintiff's claims without prejudice. Therefore, Plaintiff is not barred from refiling this action. Absent some connection between the claims that arose at Riverbend and those that arose at Washington State Prison, however, Plaintiff should file separate complaints to assert the claims.

## III. Conclusion

Plaintiff's Motion for a Preliminary Injunction, ECF No. 6, is **DENIED** and his Eighth Amendment failure to protect and failure to provide medical treatment claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 19th day of December, 2017.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT